# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MUNTHER S. HADDAD,

    Plaintiff,

v.

JUDGE SEATON,
WICOMICO COUNTY MD

    Defendants.

Civil Action No.: CCB-19-256

## MEMORANDUM

Plaintiff Munther Haddad filed this civil action on January 28, 2019. The complaint was filed without the filing fee and Haddad did not file a motion seeking its waiver. Because the complaint must be dismissed, Haddad will not be required to correct the deficiency.

Haddad claims that Judge Leah Seaton improperly denied him the opportunity to receive treatment for opioid addiction. ECF 1 at p. 3. He states that information regarding his opioid addiction has been in his court file and that since his November 18, 2016 incarceration he has been seeking additional mental health and substance abuse treatment. *Id.* In an apparent effort to secure such treatment, Haddad filed a Motion for Health General Evaluation in the Circuit Court for Wicomico County, Maryland and his motion was denied on July 16, 2018. ECF 1 at p. 5 (Order denying Motion in *State v. Haddad*, Case 22K09000715 (Wicomico Co. Cir. Ct.)).

Haddad's sole[1] claim is leveled at a sitting judge for acts taken in her role as a judge. Claims such as Haddad's are barred by the doctrine of judicial immunity. "If judges were

---

[1] To the extent Haddad intended to name Wicomico County as a defendant, there are no allegations against the County nor does Haddad claim that a policy enforced by the County has resulted in the deprivation of his constitutional rights. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978) (plaintiff must show that any constitutional violations were proximately caused by a policy, custom, or practice in order to establish municipal liability).

personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27 (1988). The complaint must therefore be dismissed.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Because this complaint seeks monetary relief from a defendant who is immune from such relief, the dismissal is a "strike" under the provisions of 28 U.S.C. §1915(g). As such, if Haddad files three civil actions while he is a prisoner that are dismissed with a strike, he will not be permitted to file a civil action in forma pauperis unless he can show he is imminent danger. This is his first strike.

By separate order which follows, the complaint shall be dismissed.

_1/30/19_
Date

_CCB_
Catherine C. Blake
United States District Judge